Dear Mr. Coriel:
We are in receipt of your opinion request on behalf of the Evangeline Parish Police Jury. Your request has been assigned to me for research and reply. You raise the following issue for our review:
 Can a member of the Evangeline Parish Police Jury serve on the Evangeline Parish Solid Waste Commission without pay?
The resolution of this matter requires review of the dual office holding and dual employment laws of the state, LSA-R.S. 42:61, et seq. We must also review Act 710 of 1984, which created the Evangeline Parish Solid Waste Commission.
The Evangeline Parish Solid Waste Commission was created by the Legislature and not by the parish governing authority, the Evangeline Parish Police Jury. In Act 710 of 1984, the Legislature provided for the appointment of the commissioners. The Act states, in pertinent part:
 A. The Evangeline Parish Solid Waste Disposal District shall be governed by a board of commissioners consisting of thirteen members, which board is hereby created and shall be known as the Evangeline Parish Solid Waste Disposal Commission, hereafter referred to as the commission. The members of the commission shall be appointed as follows:
 (1) Six commissioners shall be appointed by the governing authority of the parish of Evangeline; and
 (2) Seven commissioners shall be appointed by the mayors of all municipalities within Evangeline Parish.
Again, LSA-R.S. 33:1415, reads in part, as follows:
 Where a parochial or municipal governing authority is given the power to appoint members to boards or commission, whether presently or hereafter created, the governing authority shall also have the power to remove and replace the members or commissioners.
LSA-R.S. 42:64A(1), provides an exception for permitting governmental subdivisions to appoint its own members to boards or commissions created by them. That part provides, in pertinent part:
 A. In addition to the prohibitions otherwise provided in this part, no other offices or employment shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution . . . (Emphasis added)
The Evangeline Parish Solid Waste Commission, as stated previously, is a creature of the Legislature, rather than a commission created by the parish governing authority. This office is therefore of the opinion that LSA-R.S. 42:64(a)(1) prohibits the appointment of an Evangeline Parish Police Juror member to the Evangeline Parish Solid Waste Commission since the exception does not apply.
In Attorney General Opinion No. 91-247, we rendered an opinion holding that members of the Ville Platte Board of Aldermen did not violate the Louisiana Dual Office Holding Law by holding a part-time appointive position on the Evangeline Parish Solid Waste Commission. That opinion did not address the fact that the Evangeline Parish Solid Waste Commission was created by a legislative act as opposed to its creation by the parish governing authority. Because that opinion is in conflict with this opinion, Attorney General Opinion No. 91-247 is hereby recalled (attached is a copy for your review).
I hope this sufficiently addresses your concern. Should you have further inquiries which we may be of assistance, please contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb
Date Received: Date Released:
CHARLES H. BRAUD, JR. Assistant Attorney General
Attachment
State of Louisiana
DEPARTMENT OF JUSTICE
WILLIAM J. GUSTE, JR. Baton Rouge ATTORNEY GENERAL AUGUST 7, 1991
IN RE OPINION NUMBER 91-247
Mr. William C. Jeanmard 77 — OFFICERS — Local and Municipal; 505 W. Wilson Street Selection, Qualifications Ville Platte, Louisiana 70586 Tenure; vacancies
78 — OFFICERS — Dual Office Holding
 LSA-R.S. 42:62 (1), (2), (4) and (5); 42:63 D
 Members of the Ville Platte Board of Aldermen do not violate the Louisiana dual office holding law by holding a part-time appointive position on the Evangeline Parish Solid Waste Commission.